# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1615V
(not to be published)

| | |
|---|---|
| RAENA TODD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 18, 2020, Raena Todd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration, a defined Table injury, after receiving an influenza vaccine on October 15, 2018. Petition at 1, ¶ 2. On December 22, 2022, I issued a decision awarding compensation to Petitioner, based on the parties' stipulation. ECF No. 37.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,876.15 (representing $20,263.10 for attorney's fees and $613.05 for attorney's costs). Petitioner's Application for Attorneys' Fees and Costs, filed May 22, 2023, ECF

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

No. 42. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 43.

Respondent reacted to the motion on May 23, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 44. By email, Petitioner confirmed she would not be filing a reply. *See* Informal Remark, dated May 30, 2023.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 42 at 4-21. Petitioner has also requested 2023 attorney hourly rates as follows: $500 for work performed by Ronald Homer - representing a rate increase of $25; $320 for work performed by Nathaniel Enos – representing a rate increase of $40; and $305 for work performed by Patrick Kelly – representing a rate increase of $55. *Id.* at 20-21, 29-31. And Petitioner requests an hourly rate of $185 for paralegal work performed in 2023. *Id.* at 20-21, 31. Although the yearly increase requested for Mr. Kelly's rate is larger than I would normally approve, the significant difference is due to Mr. Kelly's lower 2022 rate. It does not reflect any excess related to the requested 2023 rate. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $14.51 paid for postage and $10.00 for 100 pages of in-house copying costs. ECF No. 42 at 21, 23-27. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$20,876.15 (representing $20,263.10 in fees and $613.05 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ronald Craig Homer.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master